## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :    CRIMINAL ACTION

              v.                     :    No. 16-124

KHRIST GONZALEZ-COLON      :

### MEMORANDUM OPINION

SCHMEHL, J.                                             **May 9 , 2024**

In 2017, Defendant was sentenced to an aggregate period of 180 months' incarceration after pleading guilty to drug and firearm offenses. He has filed a *pro se* motion to have his sentence reduced under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the United States Sentencing Guidelines. For the following reasons, the motion is denied.

### I.    BACKGROUND

Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant, Khrist Gonzalez-Colon ("Gonzalez-Colon"), pleaded guilty on December 15, 2016, to (1) possession with intent to distribute, and aiding and abetting the possession with intent to distribute, 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] *See* ECF Nos. 30, 31. On March 16, 2017, the Honorable Edward G. Smith, now deceased,

---

[1] The facts underlying Mr. Gonzalez-Colon's convictions are as follows. On February 9, 2016, officers from the City of Allentown Police Department conducted a traffic stop of a vehicle that was illegally double parked in front of a restaurant in Allentown, Pennsylvania. At the time of the stop, officers observed the driver of the vehicle quickly exit the vehicle, turn away, and appear to place something in his mouth. The officers were able to restrain the driver and thereafter located a small baggie of cocaine near his feet.

    Gonzalez-Colon was a passenger in this vehicle, and he was not cooperating with police commands to show his hands. Officers approached the passenger side of the vehicle where they observed a yellow bag at Gonzalez-Colon's feet. Gonzalez-Colon was physically removed from the vehicle, and he resisted arrest. Once he was restrained, officers recovered a firearm from Gonzalez-Colon's waistband. Officers later searched the vehicle and recovered the yellow bag that was located at Gonzalez-Colon's feet. Inside the bag were $4,600 and 535 grams of cocaine.

sentenced Gonzalez-Colon to, *inter alia*, a total sentence of 180 months' imprisonment. *See* J. at 1–2, ECF No. 37.[2] This sentence of confinement included concurrent mandatory-minimum periods of 120 months' incarceration for his convictions for possession with intent to distribute and felon in possession of a firearm, and a consecutive mandatory-minimum period of 60 months' incarceration for his possession of a firearm in furtherance of a drug trafficking crime conviction. *See* Guilty Plea Agreement at 3, ECF No. 31 (noting applicable mandatory minimums of 15 years' imprisonment).

On November 7, 2023, Gonzalez-Colon filed the instant *pro se* Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2).[3] *See* ECF No. 57. Chief Judge Juan R. Sanchez reassigned this case from Judge Smith's calendar to the undersigned's calendar on January 3, 2024. *See* ECF No. 58. The Government filed a response in opposition to the Motion on January 10, 2024. *See* ECF No. 59. The Motion is ripe for disposition.

## II.     DISCUSSION

### A.     Motions for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)

Gonzalez-Colon moves for a reduction in his sentence under section 3582(c)(2), which states as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

---

[2] For each of Gonzalez-Colon's three convictions, Judge Smith also sentenced Gonzalez-Colon to a mandatory sentence of 8 years' supervised release. *See id.* at 3. Judge Smith ran these sentences of supervised release concurrent with each other and consecutive to the 180 months' total incarceration. *See id.*

[3] The federal "prisoner mailbox rule" provides that a *pro se* incarcerated person's submission is deemed filed "at the time [the incarcerated person] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). In this instance, Gonzalez-Colon never identifies when he delivered the instant Motion to prison authorities for mailing to the Clerk of Court. Nevertheless, the envelope containing the Motion is postmarked November 7, 2023. *See* ECF No. 57 at ECF p. 5. The Court uses this date as the filing date, even though the Clerk of Court did not docket the Motion until January 3, 2024.

2

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3852(c)(2).[4] Section 3582(c)(2) "establishes a two-step inquiry" for district courts addressing motions to reduce prior sentences, namely, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under this two-step inquiry,

> a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id.* at 827 (alterations in original).

---

[4] Section 3582(c)(2) is a "narrow exception" to the general rule providing that "[f]ederal courts are forbidden . . . to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citation and internal quotation marks omitted).

**B.**     <u>Amendment 821 to the United States Sentencing Guidelines</u>

Amendment 821 to the United States Sentencing Guidelines

has two relevant parts. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

*United States v. Marable*, No. 11-CR-12, 2024 WL 314261, at *2–3 (E.D. Tenn. Jan. 26, 2024) (alteration in original).

### C.     Analysis

Gonzalez-Colon's Motion fails at step one of the two-step inquiry for section 3582(c)(2) motions because he is ineligible for a sentence reduction. As explained above, step one "requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. Section 1B1.10 provides in pertinent part that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). The defendant's "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 cmt. n.1(A).

At the time of his sentencing, Gonzalez-Colon had a subtotal criminal history score of one based on an August 2012 six-year probationary sentence he received after pleading guilty to possession with intent to distribute a controlled substance (marijuana) in the Superior Court of San

Juan, Puerto Rico. Under the prior version of U.S.S.G. § 4A1.1(d), Gonzalez-Colon also received two additional criminal history points because he committed the offenses in this case while serving probation under his prior sentence. Thus, Gonzalez-Colon's criminal history score was three, and he fell into the criminal history category of II for purposes of sentencing. *See* U.S.S.G. ch. 5, pt. A (sentencing table). Given that his total offense level was 21, Gonzalez-Colon's guideline range was 41 to 51 months' incarceration. *See id.* He was also subjected to a mandatory consecutive sentence of 60 months' incarceration on the section 924(c) count. *See* 18 U.S.C. § 924(c)(1)(A)(i) ("[A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, ***in addition to*** the punishment provided for such crime of violence or drug trafficking crime--(i) be sentenced to a term of imprisonment of not less than 5 years . . . ." (emphasis added)); *id.* § 924(c)(1)(D)(ii) ("Notwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection ***shall run concurrently with any other term of imprisonment imposed on the person***, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." (emphasis added)).

Although Amendment 821 does not reduce Gonzalez-Colon's single criminal history point for his 2012 possession with intent to distribute conviction, it does reduce his total criminal history score to one because he does not receive additional "status points" under U.S.S.G. § 4A1.1(e) insofar as he does not have seven or more points under subsections (a) through (d) of section 4A1.1. *See id.* § 4A1.1(e) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape

6

status.").[5] He now falls into Criminal History category I. Considering Gonzalez-Colon has a total offense level of 21, his new guideline range is 37 to 46 months' incarceration.[6] *Id.* ch. 5, pt. A.

Even though Amendment 821 reduces Gonzalez-Colon's standard guideline range, the Court cannot reduce his sentence because he was subject to mandatory-minimum sentences of 120 months for his drug distribution and felon not to possess firearm convictions and a consecutive mandatory-minimum sentence of 60 months for his possession of a firearm in furtherance of drug trafficking convictions. He is therefore ineligible for a sentence below the mandatory sentences he received. *See United States v. Michael*, 767 F. App'x 328, 330 (3d Cir. 2019) (per curiam) ("Offenders sentenced to statutory mandatory minimums are ineligible for sentence reductions pursuant to retroactive amendments to the Guidelines." (citing *United States v. Fleming*, 617 F.3d 252, 265–66 (3d Cir. 2010))); *Sanchez-Cordero v. United States*, 317 F. App'x 267, 267 (3d Cir. 2009) (per curiam) (concluding that defendant was "not eligible for a sentence reduction [under section 3582(c)(2)] because he was sentenced to a mandatory minimum"); *see also Koons v. United States*, 584 U.S. 700, 705 (2018) (explaining that "[f]or a sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part [in] the framework the [sentencing] judge' used in imposing the sentence. [*Hughes v. United States*, 584 U.S. 675 (2018)]. The Guidelines range will often play that part, for district judges must calculate the

---

[5] Subsections (a) through (d) provide for the following additional criminal history points:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

U.S.S.G. § 4A1.1(a)–(d).

[6] While he does not appear to contend otherwise, Gonzalez-Colon is ineligible for the two-point reduction in offense level as a "zero-point offender" because (1) he received one criminal history point from U.S.S.G. Chapter Four, Part A, and (2) he possessed a firearm in connection with his drug offense. U.S.S.G. § 4C1.1(a)(1), (7).

defendant's advisory range and then will frequently tie the sentence they impose to that range. [*See id.*; *see also* 18 U.S.C. § 3553(a)(4)]. But that is not always the case. After all, the Guidelines are advisory, and in some instances they even explicitly call for the ranges to be tossed aside. When that happens—when the ranges play no relevant part in the judge's determination of the defendant's ultimate sentence—the resulting sentence is not 'based on' a Guidelines range." (second and third alterations in original)); *United States v. Jackson*, 787 F. App'x 543, 545 (10th Cir. 2019) ("Because Mr. Jackson has been sentenced to 120 months' imprisonment on Count One and his sentence cannot be reduced below that statutory mandatory minimum, Amendment 782 affords him no relief."); U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if[] . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). Because Amendment 821 does not provide a vehicle for Gonzalez-Colon's requested sentence reduction, the Court will not address step two of the section 3582(c)(2) analysis.

**III.    CONCLUSION**

Gonzalez-Colon is ineligible for a sentence reduction under section 3582(c)(2) based on Amendment 821 to the Guidelines. Accordingly, his Motion for Reduction of Sentence is denied. A corresponding order accompanies this Memorandum Opinion.